ELIZABETH FARRELL OBERLIN, OSB No. 011107
Attorney at Law
E-mail address: oberlinlaw@hotmail.com
0324 SW Abernethy Street
Portland, Oregon 97239
Telephone: (503) 277-2087
Facsimile: (503) 357-4181

       Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| KRISTI HEARON, | CASE NO. 3:14-CV-1602 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| ATLANTIC AVIATION OREGON FBO, INC., an Oregon Corporation, | Title VII, ORS 659A.030, ORS 659A.183, Family and Medical Leave Act |
| Defendant. | **DEMAND FOR JURY TRIAL** |

<u>NATURE OF THE ACTION</u>

1.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended

by the Civil Rights Act of 1991, and under the State of Oregon analog statute 659A.030(1)(a)

and (b), to correct unlawful employment practices for gender (pregnancy) discrimination and to

correct unlawful employment practices on the basis of retaliation for having complained about

gender discrimination; under the Family and Medical Leave Act ("FMLA") for inquiring about

and/or invoking rights to take medical leave; under ORS 659A.183 for discrimination and

1  COMPLAINT

retaliation for inquiring about and/or invoking rights under the Oregon Family Leave Act ("OFLA"); and, under common law wrongful discharge. This Court has jurisdiction of this action because of federal question jurisdiction, pursuant to 28 USC Section 1331. This Court also has pendent jurisdiction over the state law claims.

Plaintiff was subjected to gender (pregnancy) discrimination during the course of her employment with Defendant and to discrimination and retaliation for inquiring about and/or invoking her rights to take medical leave.  When Plaintiff complained about gender (pregnancy) discrimination, Defendant retaliated against her.  Ultimately, Defendant terminated Plaintiff's employment because of her gender (pregnancy); because of the fact that she opposed gender (pregnancy) discrimination; and, because of the fact that she inquired about and/or invoked her rights to take medical leave.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331, 1337 and 1343(a)(4).

3.      This Court also has pendent jurisdiction over the state law claims. Defendant's actions occurred in the District of Oregon and, at all relevant times, the parties resided or did business in the State of Oregon.

## PARTIES

4.      Plaintiff started working for Defendant (then Flightcraft owned by the Pape Group) in June of 2010.  At all relevant times, Plaintiff worked in the State of Oregon.

//

2    COMPLAINT

5.      Defendant is an Oregon corporation that, at all material times, was licensed to do business in the State of Oregon and was an employer covered under Title VII, the Family and Medical Leave Act, and all relevant Oregon State Statutes at issue in this case. At all relevant times, all employees of Defendant were acting within the course and scope of their employment.

<u>ADMINISTRATIVE EXHAUSTION</u>

6.      Plaintiff filed a complaint with the Bureau of Labor and Industries ("BOLI") on or around January 21, 2014. That filing constitutes a joint filing with United States Equal Employment Opportunity Commission ("EEOC"), pursuant to a work sharing agreement between the EEOC and BOLI. BOLI provided Plaintiff with a right to sue notice on or around July 16, 2014. All procedures necessary to comply with applicable federal and state law were followed, and this action has been filed within the requisite 90-day limit set out in the notice of right to sue.

<u>STATEMENT OF FACTS</u>

7.      Plaintiff began working for Defendant in June of 2010 (then Flightcraft owned by the Pape Group), as a Customer Service Representative.  In September of 2011, Defendant purchased Flightcraft, and Plaintiff remained in her position as a Customer Service Representative.

8.      In January of 2012, Plaintiff was promoted to Customer Service Representative Lead. Plaintiff's direct supervisor was Kathy Larsen ("Larsen"), Customer Service Manager.

9.      Plaintiff excelled in her position as Customer Service Representative Lead.  Her job duties included training new hires, directing co-workers, and maintaining a professional and

3    COMPLAINT

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

positive environment.  Plaintiff volunteered to write the schedule for Larsen and was granted that additional responsibility.

10.    Because of Plaintiff's excellent job performance, Larsen began training Plaintiff to cover Larsen's work when she was absent.

11.    In the Fall of 2012, Robert Pinedo ("Pinedo"), General Manager, told Plaintiff that he had "big plans" for Plaintiff, who had previously talked with him about taking over the management of the customer service desk in order to give Larsen more time to devote to the business side of the desk.

12.    In February of 2013, Plaintiff announced that she was pregnant and that she would be taking medical leave in the Fall for the birth of her child.  Larsen reacted to the news of Plaintiff's pregnancy and impending medical leave by expressing that she was worried about how the birth of Plaintiff's baby would affect her (Larsen's) scheduled vacation in October: "We would have to keep training so that you could come back to work after giving birth [due date was October 12th], before the end of October, since I will be on vacation."

13.    Almost immediately after Plaintiff announced her pregnancy, Larsen began harassing Plaintiff.  Larsen stopped training Plaintiff and began training other employees instead, claiming that everyone should know every position.  Larsen changed Plaintiff's schedule, stating that the change would give Plaintiff more time to make business connections within the City of Portland, yet no time was ever made for Plaintiff to leave the front desk.  As soon as a relief Customer Service Representative would arrive to relieve Plaintiff of her front desk duties, Larsen would send the individual on an errand, thus making it impossible for Plaintiff to leave the desk for

4    COMPLAINT

business connections and, sometimes, for lunch, breaks, or to use the restroom.  On the days

Plaintiff was not given a lunch break, Larsen would instruct her to leave thirty minutes early.

14.      When Plaintiff asked Larsen about updating her (Plaintiff's) uniform to fit her growing

pregnant body, and asked if she could wear black tennis shoes to help with her swollen feet and

sore back (pregnancy-related symptoms), Larsen said that tennis shoes were not allowed.

15.      Larsen told Plaintiff that "None of the other CSRs want to work with you because you are

a bitch."

16.      In April of 2013, when Plaintiff requested vacation time for the summer (which Plaintiff

always took to spend time with her visiting stepson), Larsen responded that she might not be able

to grant Plaintiff all of the days she had requested since there would not be coverage.  Plaintiff

had already planned for coverage for all of the vacation dates she had requested.  Larsen did not

treat other employees in this manner when they requested vacation time.  (Although Larsen

ultimately gave Plaintiff the time off that she requested, Larsen took several days to respond, and

harassed Plaintiff for making the request.)

17.      On several occasions that Spring, Plaintiff I talked with Joseph Quitugua ("Quitugua"),

Operations Manager/Line Manager and Larsen's direct supervisor, about Larsen's harassing and

discriminatory behavior.  Plaintiff voiced her frustrations about Larsen's behavior, and told

Plaintiff to be patient, saying that he trying to adjust the power at the desk.  Quitugua also asked

Plaintiff to do her best and "stay under her radar," meaning Larsen's radar.  A glass window

separated Quitugua and Larsen's offices.   On more than one occasion, after Plaintiff talked with

Quitugua about Larsen's behavior, Plaintiff witnessed Larsen go into Quitugua's office and shut

5    COMPLAINT

the door almost immediately after Plaintiff left his office.

18.     On June 4, 2013, Larsen met Plaintiff at the door when she arrived at work and led her

into a conference room where Quitugua was waiting.  Larsen informed Plaintiff that she was

being terminated because of her poor attitude; because she had failed to stand up when a

customer approached the front desk; and, because of her lack of progress on maintaining the

aircraft hangar contracts.  None of these issues are valid.  Since receiving a warning in January,

Plaintiff had heard nothing about any alleged performance problems.  She was not provided with

any counseling pursuant to Respondent's progressive discipline policy.

FIRST CLAIM FOR RELIEF
(Title VII Gender Discrimination)

19.     Plaintiff realleges and incorporates by reference paragraphs 1 through 18, above.

20.     Defendant intentionally created a hostile work environment and engaged in a practice and

pattern of unlawful gender discrimination against Plaintiff as alleged in paragraphs 12 through

18, above, by depriving Plaintiff of the same support as her co-workers; by excluding Plaintiff

from training opportunities; by refusing to accommodate Plaintiff's pregnancy-related needs;

and, by terminating Plaintiff's employment, in substantial part, because of her gender

(pregnancy).

20.     Defendant's employment practices, as alleged above, deprived Plaintiff of equal

employment opportunities and otherwise adversely affected her status as an employee. As a

direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered, and

continues to suffer, lost income and benefits of employment, including prejudgment interest, all

to her economic damages in an amount to be determined at trial.

6    COMPLAINT

21.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff

has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, and

loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be

determined at trial.

22.     Defendant acted with malice or with reckless indifference toward Plaintiff's protected

rights. Accordingly, punitive damages should be awarded against Defendant in an amount to be

determined at trial.

23.     Plaintiff is entitled to recover her reasonable attorney's fees, expert witness expenses,

and litigation costs pursuant to 42 U.S.C. Section 2000e et seq.

SECOND CLAIM FOR RELIEF

(Title VII Retaliation)

24.     Plaintiff realleges and incorporates by reference paragraphs 1 through 18, above.

25.     Plaintiff engaged in protected activity pursuant to Title VII by opposing and resisting

the gender (pregnancy) discrimination, as alleged above, in paragraph 17, and otherwise pursued

her rights under Title VII. Defendant was well aware that Plaintiff had engaged in this protected

activity.

26.     Each and every one of the particulars alleged in paragraphs 17 and 18, above, violates

Title VII in that they represent conduct, in substantial part, in retaliation for reporting gender

(pregnancy) discrimination.

27.     Defendant's employment practices, as alleged above, deprived Plaintiff of equal

employment opportunities and otherwise adversely affected her status as an employee. As a

7    COMMPLAINT

direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

28.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

29.    Defendant acted with malice or with reckless indifference toward Plaintiff's protected rights. Accordingly, punitive damages should be awarded against Defendant in an amount to be determined at trial.

30.    Plaintiff is entitled to recover her reasonable attorney's fees, expert witness expenses, and litigation costs pursuant to 42 U.S.C. Section 2000e et seq.

<u>THIRD CLAIM FOR RELIEF</u>
(State Claim - Gender Discrimination)

31.    Plaintiff realleges and incorporates by reference paragraphs 1 through 18, above.

32.    Each and every one of the particulars alleged in paragraphs 12 through 18, above, violates ORS 659A.030(1)(a) and (b) in that they constitute gender (pregnancy) discrimination.

33.    Defendant's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

8    COMPLAINT

34.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff

has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, and

loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be

determined at trial.

35.     Defendant acted with malice or with reckless indifference toward Plaintiff's protected

rights. Accordingly, punitive damages should be awarded against Defendant in an amount to be

determined at trial.

36.     Pursuant to ORS 659A.885(1) and 20.107, Plaintiff is entitled to an award of attorney's

fees, expert fees, and costs incurred herein.

FOURTH CLAIM FOR RELIEF
(State Claim - Retaliation)

37.     Plaintiff realleges and incorporates by reference paragraphs 1 through 18, above.

38.     Each and every one of the particulars alleged in paragraphs 17 and 18, above, violates

ORS 659A.030(1)(a) and (b) in that they represent conduct, in substantial part, in retaliation for

reporting gender discrimination.

39.     Defendant's employment practices, as alleged above, deprived Plaintiff of equal

employment opportunities and otherwise adversely affected her status as an employee. As a

direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered, and

continues to suffer, lost income and benefits of employment, including prejudgment interest, all

to her economic damages in an amount to be determined at trial.

40.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff

has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, and

9    COMPLAINT

loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

41.    Defendant acted with malice or with reckless indifference toward Plaintiff's protected rights. Accordingly, punitive damages should be awarded against Defendant in an amount to be determined at trial.

42.    Pursuant to ORS 659A.885(1) and 20.107, Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

FIFTH CLAIM FOR RELIEF
(Oregon Family Leave Act Discrimination)

43.    Plaintiff realleges and incorporates by reference paragraphs 1 through 18, above.

44.    Plaintiff, at all material times, was an eligible employee under ORS 659A.156.

45.    Defendant, at all material times, was an employer covered under ORS 659A.153.

46.    Plaintiff inquired about and/or invoked her right to take medical leave for the birth of her child, to which she was entitled under OFLA.

47.    Defendant retaliated and discriminated against Plaintiff for inquiring about and/or invoking her right to take medical leave by harassing Plaintiff and creating a hostile work environment for Plaintiff; by depriving Plaintiff of the same support as her co-workers; by excluding Plaintiff from training opportunities; and, by terminating Plaintiff's employment, in substantial part, because she inquired about and/or invoked her right to take medical leave for the birth of her child. 48.  Defendant's actions violated Plaintiff's rights under OFLA.

49.    Plaintiff is entitled under ORS 659A.885 to recover her economic losses as  described in paragraphs 33 and 39, above, in an amount to be determined at trial.

10  COMPLAINT

50.    Plaintiff is further entitled under ORS 659A.885(l) to recover her reasonable  attorney fees and litigation costs.

## SIXTH CLAIM FOR RELIEF
### (Family and Medical Leave Act)

51.    Plaintiff realleges and incorporates by reference paragraphs 1 through 18, above.

52.    Plaintiff, at all material times, was an eligible employee under 29 USC § 2611.

53.    Defendant, at all material times, was an employer covered under 29 USC § 2611.

54.    Plaintiff inquired about and/or invoked her rights to take medical leave to which she was entitled under FMLA for the birth of her child, as described in paragraph 12, above.

55.    Defendant retaliated and discriminated against Plaintiff for inquiring about and/or invoking her rights to take medical leave by taking medical leave by harassing Plaintiff and creating a hostile work environment for Plaintiff; by depriving Plaintiff of the same support as her co-workers; by excluding Plaintiff from training opportunities; and, by terminating Plaintiff's employment, in substantial part, because she inquired about and/or invoked her right to take medical leave for the birth of her child.

56.    Defendant's actions violated Plaintiff's rights under FMLA.

57.    Plaintiff is entitled under 29 USC § 2617(a)(1)(A)(i)(I) to recover her economic  losses as described in paragraphs 33 and 39, above, in an amount to be determined at trial.

58.    Plaintiff is entitled to an amount equal to her economic losses under 29 USC §2617(a)(1)(A)(iii) in liquidated damages.

//

11  COMPLAINT

59.    Plaintiff is also entitled to recover her litigation costs and attorney's fees under 29  USC §

2617(a)(3).

JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and

fact raised by this complaint.

WHEREFORE, Plaintiff prays for the relief requested in each of her claims for relief and

for such other relief as the Court deems just and appropriate.

DATED this 9th day of October, 2014.

/s/ Elizabeth Farrell Oberlin
_____
Elizabeth Farrell Oberlin, OSB# 011107
Attorney for Plaintiff

12  COMPLAINT